**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 15, 2005**

**TENTH CIRCUIT**

| | |
|---|---|
| EDSEL RAY HILL, | |
| Petitioner-Appellant. | No. 05-6155 |
| v. | (D.C. No. 04-CV-1728-F) |
| MIKE ADDISON, Warden; THE ATTORNEY GENERAL OF THE STATE OF OKLAHOMA, | (W. D. Okla.) |
| Respondents-Appellees. | |

**ORDER**

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

This is a pro se 28 U.S.C. § 2254 prisoner appeal. Petitioner was convicted after a bench trial of first-degree murder and unlawful disposal of a body. He was sentenced to life imprisonment without the possibility of parole and five years' imprisonment. Petitioner then filed a § 2254 petition for habeas corpus relief with the United States District Court for the Western District of Oklahoma. In that petition, Petitioner argued for relief on the following grounds: (1) failure of trial court to conduct a mental competency hearing; (2) prosecutorial misconduct; (3) lack of a pretrial *Daubert* hearing as to the testimony of certain witnesses, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); (4)

ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel. In his report and recommendation ("R&R"), the magistrate judge recommended that the petition be denied as time-barred. After considering Petitioner's objections and conducting a de novo review of the petition, the district court found that Petitioner had not made a sufficient showing to equitably toll AEDPA's one-year statute of limitations, adopted the R&R, and dismissed the § 2254 petition as untimely. The district court also declined to grant Petitioner a certificate of appealability. Petitioner has renewed his request for a certificate of appealability with this court. The issues he raises on appeal are identical to those brought before the district court.

In order for this court to grant a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). When a § 2254 petition is denied by the district court for procedural reasons, as is the case here, Petitioner must clear the added hurdle of showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

We have carefully reviewed Petitioner's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's filing raises an issue which meets our standards for the grant of a certificate of appealability. For substantially the same reasons as set forth by the magistrate judge's R&R, which the district court adopted in its April 27, 2005 Order, we cannot say that it is "debatable whether the district court was correct in its procedural ruling." *Id.*

We **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge